TRUSTEES OF SCHOOL DISTRICT NO. 28, IN THE COUNTY OF WARREN, v. ELIZA STOCKER.

1. That the trustees of a school district, in their corporate capacity, are not liable to be sued in a justice's court, must be regarded as settled, in this court, by the case of *Townsend* v. *Trustees, &c.*, 12 *Vroom* 312.

2. A proposition assumed or decided by the court to be true, and which must be so assumed or decided in order to establish another proposition, which expresses the conclusion of the court, is as effectually passed upon and settled, in that court, as the very matter directly decided.

3. Jurisdiction over the subject matter of a suit cannot be conferred by consent, nor can the right to object to the want of it be lost by acquiescence or neglect.

On *certiorari.*

Argued at November Term, 1879, before Justices REED and WOODHULL.

For the prosecutor, *O. Jeffery.*

For the defendant, *B. C. Frost.*

The opinion of the court was delivered by

WOODHULL, J.   This writ brings up for review a judgment of the Court of Common Pleas of the county of Warren, against the plaintiff corporation, on appeal from a like judgment against it in the court for the trial of small causes.

The first reason assigned for reversal is, that neither the justice's court nor the Court of Common Pleas could entertain a suit or render a valid judgment against the plaintiff, for want of jurisdiction.

As the Court of Common Pleas could have no jurisdiction of the cause, on appeal, other than that possessed by the court below, the question presented is whether the trustees of a school district, in their corporate capacity, are liable to be sued in a justice's court.

This question seems to me to be answered in effect, if not in terms, by the decision of this court in *Townsend* v. *Trustees*, 12 *Vroom* 312.   The precise question there being whether a District Court had jurisdiction of an action against a school corporation, it was held that, under the adjudications in this state, it had not.

In order to reach this conclusion, however, it was held to have been decided, in *Inhabitants of Princeton* v. *Mount*, 5 *Dutcher* 299, and other cases referred to, (1) that an action will not lie in a justice's court, against a municipal corporation ; (2) that with respect to the question of jurisdiction, no distinction is to be made between municipal corporations generally, and the *quasi* corporations controlling schools; (3) and

that the same legal difficulties which stand in the way of a suit against such a corporation, in a justice's court, are to be found in the District Court act.

The proposition that a school corporation cannot be sued in a justice's court, is an essential link in the argument by which the court, in that case, reached its conclusion.

A proposition assumed or decided by the court to be true, and which must be so assumed or decided in order to establish another proposition which expresses the conclusion of the court, is as effectually passed upon and settled in that court as the very matter directly decided.

The question, therefore, as to the liability of a school corporation to be sued in a justice's court, must be regarded as closed in this court by the case just referred to.

It is objected, on the part of the defendant, that as the question of jurisdiction was not raised on the trial of the appeal, it cannot be entertained here.

If the question were one merely of jurisdiction as to a party defendant not properly brought into court, for want of process, or from defective service of it, the objection would be well taken. This kind of jurisdiction may be obtained by consent, or the want of it may be waived, either expressly or by failing to take advantage of it at the proper time. But in the case before us the difficulty lies much deeper. The question here is, not whether a competent court had obtained jurisdiction of a party suable before it, but whether the court itself is competent, under any circumstances, to adjudicate a claim against the defendant below.

The question, therefore, is as to the jurisdiction of the court below over the very subject matter of the suit. This kind of jurisdiction cannot be conferred by consent, nor can the right to object to the want of it be lost by acquiescence or neglect.

"A judgment pronounced by a tribunal having no authority to determine the matter in issue, is necessarily and incurably void, and may be shown to be so in any collateral or other proceeding in which it is drawn in question. * * * When

the tribunal has not jurisdiction over the subject matter, no averment can supply the defect, no amount of proof can alter the case.    *    *    *    Neither the acquiescence of the parties nor their solicitations can authorize any court to determine any matter over which the law has not authorized it to act." *Freem. on Judg.*, § 120, and cases cited; 1 *Stew. Dig.*, p. 243, *pl.* 33.

The objection that the question of jurisdiction cannot be raised on the hearing of this writ is not sustained.

The judgment of the Court of Common Pleas is reversed,. with costs.